# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 19-7146**

**September Term, 2020**

FILED ON: MARCH 2, 2021

LAURA WILLIS LUHN, AN INDIVIDUAL,
APPELLANT

v.

SUZANNE SCOTT, INDIVIDUALLY AND FOX NEWS NETWORK LLC,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-01180)

---

Before: ROGERS, PILLARD and WALKER, *Circuit Judges*.

## J U D G M E N T

Appellant seeks reversal of the dismissal of her amended complaint asserting claims for defamation, defamation by implication, false light, and intentional infliction of emotional distress against Suzanne Scott and Fox News. This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be **AFFIRMED**.

### I.

Appellant's claims all stem from statements that appeared in a 2019 *Los Angeles Times* article profiling Suzanne Scott's leadership of Fox News. Scott, a longtime Fox News executive, became CEO of Fox News in May 2018, after Roger Ailes resigned following allegations by appellant and others of sexual harassment and abuse. In addressing Ailes' departure and sexual abuse problems at Fox News, the *Times* article stated that "it was necessary for Scott to tell employees she had no knowledge of Ailes' behavior even though she was part of his inner circle." Am. Compl. Ex. 1 at 6. It then quoted Scott as saying: "I had no clue on what was going on in Roger Ailes' office" and "I have never had any issues with any sort of harassment myself." *Id*. Appellant alleges that,

through these statements, Scott defamed her "by calling her a liar and creating the false implication that [appellant] fabricated sexual assault allegations against Ailes" and "fabricated sexual assault cover-up allegations against [Scott]." Am. Compl. ¶¶ 17–18. The *Times* article did not mention appellant specifically.

The district court dismissed the amended complaint for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Our review is *de novo*. *Hourani v. Mirtchev*, 796 F.3d 1, 9 (D.C. Cir. 2015).

## II.

To state a defamation claim, a plaintiff must show that "the defendant made a false and defamatory statement concerning the plaintiff." *Id*. at 16 (quoting *Oparaugo v. Watts*, 884 A.2d 63, 76 (D.C. 2005)). Even assuming for the purposes of argument that the statements at issue concerned appellant, these statements are not "'reasonably capable of any defamatory meaning,' which is a question of law." *Smith v. Clinton*, 886 F.3d 122, 128 (D.C. Cir. 2018) (quoting *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 627 (D.C. Cir. 2001)). "An allegedly defamatory remark must be more than unpleasant or offensive; the language must make the plaintiff appear odious, infamous, or ridiculous." *Id*. The statements at issue here do not meet this bar.

Appellant relies on "a strained set of inferences in an effort to construct a case of defamation by implication." Appellees Br. 24. "In entertaining claims of defamation by implication, courts must be vigilant not to allow an implied defamatory meaning to be manufactured from words not reasonably capable of sustaining such meaning." *White v. Fraternal Order of Police*, 909 F.2d 512, 519 (D.C. Cir. 1990). In contending that Scott's statements implied that appellant was fabricating sexual assault allegations against Ailes, appellant conflates a statement denying knowledge of something with a statement that something is untrue. *Cf. Smith*, 886 F.3d at 129. Moreover, the amended complaint presents no factual basis capable of creating any implication in a reasonable reader's mind about appellant's cover-up allegations against Scott. As evidence that appellant's cover-up allegations were "widely publicized," the amended complaint points to two press releases published on appellant's counsel's website. *See* Am. Compl. ¶¶ 14–18. One of the press releases mentions the cover-up allegations tangentially, and the other was published after the *Times* article. *See id*. Ex. 2. Notwithstanding two conclusory and subjective affidavits from Hollywood professionals that they "took" Scott's statements "to defame [appellant]," *id*. Ex. 3, Scott's statements are not "reasonably capable of a defamatory interpretation." *White*, 909 F.2d at 519. Appellant's amended complaint therefore fails to state a defamation claim.

For similar reasons, the district court also correctly held that the amended complaint fails to state false light and intentional infliction of emotional distress claims. To prevail on a false light claim, appellant must show that a statement "places appellant in a false light which would be highly offensive to a reasonable person." *Weyrich*, 235 F.3d at 628 (internal quotation marks and citation omitted); *accord Smith*, 886 F.3d at 129. As for an intentional infliction of emotional distress claim, appellant must show "extreme and outrageous conduct on the part of the defendant." *Smith*,

2

886 F.3d at 129 (quoting *Armstrong v. Thompson*, 80 A.3d 177, 189 (D.C. 2013)).  Scott's statements, which no reasonable reader could interpret as implying that appellant fabricated sexual assault or cover-up allegations, meet neither standard.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*.  *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk